Lowe, Appellant, vs. RING, Respondent.

*November 21—December 13, 1904.*

*Corporations: Contracts: Compensation of president: Evidence: Former trial: Res adjudicata: Special verdict: Duplicity: Uncertainty: Interest: Instructions to jury: Appeal and error: Exceptions.*

1. The president of a corporation cannot maintain an action upon an implied contract to enforce a claim for services as an officer, when he is also a stockholder or director.
2. On an issue on a claim for compensation for the services of defendant as president of a corporation, it appeared, among other things, that defendant had interviews with individual members of the board of directors at times other than at board meetings; that at one meeting of the board the defendant called attention to his claim for compensation, and was met with objection that the corporation ought not to pay for such services, and that no action was taken by the board. *Held,* that such state of the evidence left the case without proof of any express contract that defendant should receive a salary for his services as president.
3. In such case, on a former trial, defendant had recovered on an express contract.   On review of the evidence given on both trials it was *held* that there were material differences in the proofs bearing on that issue.
4. On the trial of an issue on a claim for compensation for the services of a president of a banking corporation, the court submitted as part of a special verdict this question: "Was there a contract, express or implied, between R. and the bank, that R. should receive a salary from the bank as president," which was answered by the jury "Yes." *Held,* that the question was faulty for duplicity, and fatally defective for uncertainty.
5. An instruction to the jury with reference to the allowance of interest on the amount found due: "After you have determined

such amount, you will compute interest thereon at the rate of six per cent. per annum from the date those services were completed pertaining to such matter, and the total amount of interest and value so found by you will be the sum which you should insert in your answer," is erroneous, since interest does not run until a demand has been made sufficiently specific to inform the debtor of the claim made and to enable him to ascertain what amount, under the circumstances, he ought to pay.

6. An instruction to the jury, that the conduct of the officers and agents of a corporation in respect to the payment of a salary to the president for his official services would bind it under the same circumstances as an individual, is erroneous.

7. General exceptions taken to portions of the charge to the jury which includes two or more distinct propositions, do not present any question for review.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

This action was brought to recover on several promissory notes, which were executed by the defendant to the Clark County Bank, and assigned by it to the plaintiff, who now claims to own them. Upon the trial the plaintiff claimed the right to recover on these two notes. The court awarded judgment in his favor because the testimony showed without dispute that he was entitled to recover thereon. No complaint is made of this ruling. The defendant alleged a number of counterclaims as offsets to any amount of the plaintiff's claim. The case has been before this court on two former appeals, and the decisions of this court are reported in 106 Wis. 647, 82 N. W. 571, and 115 Wis. 575, 92 N. W. 238. The pleadings and material facts of the case are set forth in the report of these former appeals, and need not be repeated in detail. Upon this trial, which resulted in a judgment in defendant's favor, the jury found that plaintiff was entitled to recover under his complaint the amount due him on the two notes, with interest, in all $3,563.30, and that defendant was entitled to recover on his counterclaims the following amounts: For attorney's services in collecting the Kirkland note, $225;

for like services in the Christie case, before the dissolution of
the partnership with Youmans, $878, and after such dissolu-
tion, $67; in the Frank W. Archer case, $135; in the case of
Mrs. S. B. Hewell, $195.60; as administrator of the estate
of Levi Archer, $530 (reduced by the court to $300); in the
case of Hill and Kinsey vs. Archer, $149; and compensation
by way of salary as president of the bank, $1,675.   The jury
also found that any of these amounts which were originally
due the firm of Ring & Youmans had been assigned to the
defendant, and that he was the sole owner.   Each finding,
in answer to the questions of the special verdict pertaining
to the foregoing counterclaims, is the amount due for serv-
ices, with interest added.   It was claimed that all of these
amounts were due defendant from the bank after the notes
matured, and before it assigned them to plaintiff, and that
they constituted set-offs against any amount due on them.
The issues on these counterclaims were submitted to the
jury by special verdict, requesting them to find upon each
claim whether there was a contract, "express or implied,"
between the bank and defendant or Ring & Youmans, his
assigns, which provided that he (or they) should receive
compensation from the bank for the services rendered in
the matters covered by the various counterclaims.   The
plaintiff requested certain instructions, which were refused,
except in so far as covered by the instructions given by the
court.   There was a motion by plaintiff to strike out the
affirmative answers of the jury to questions Nos. 13, 14, and
15, and that the court answer them in the negative, and to
set aside the verdict, and for a new trial, upon the ground
that the verdict was contrary to the law and the evidence, and
for errors committed in the instructions given.   These mo-
tions were denied.   Judgment was entered dismissing the
complaint.   This is an appeal from such judgment.

The cause was submitted for the appellant on the brief of
*L. M. Sturdevant* and *Chas. F. Grow,* attorneys, and *R. M.*

*Bashford,* of counsel, and for the respondent on that of *S. M. Marsh,* attorney, and *James Wickham,* of counsel.

SIEBECKER, J. Numerous errors are assigned and urged upon our attention. One of the grounds assigned as error pertains to defendant's right to recover compensation for services rendered as president of the bank. The issues upon this claim were submitted to the jury for determination by questions Nos. 19 and 20 in the special verdict. Question 19 was as follows: "Was there a contract, express or implied, between Ring and the bank, that Ring should receive a salary from the bank as president? " This question the jury answered in the affirmative. It is contended that the proof bearing on this issue is materially different upon this trial from that upon the former trial, wherein this court held that there was testimony from which a jury might infer an express contract between defendant and the bank, whereby it agreed to pay the defendant a salary for his services as president of the bank. After a painstaking examination of the evidence of both trials, in so far as it is before us, we find that there is a material difference upon this question. On the former trial there was evidence tending to show that the defendant at a meeting of the board of directors demanded that he be compensated for his services as president after his election to that office, and was then informed by the members of the board that the corporation expected to pay him a reasonable compensation for such services, though no formal action was taken fixing the amount. It also appeared that defendant placed reliance on such promises in continuing his services as president. This evidence called for submission of this issue to the jury, though the evidentiary facts thus adduced were not of a strong and conclusive character. Upon this trial no such evidence was adduced. There is evidence that defendant had interviews with individual members of the board at times other than at board meetings; that at one

meeting of the board defendant called attention to his ·claim·
for compensation and was met with the objection from a
member of the board that the bank ought not to pay for such
services, and that no action was taken by the board.   We have·
discovered no other evidence on this question, nor do counsel
point to any in the record.   This state of the evidence leaves·
the case without proof of any express contract that defend-
ant should receive a salary for his services as president.

The question in the special verdict upon this issue was to·
the effect that, if there was an implied contract between the
bank and defendant to pay for these services, the bank be-
came liable therefor.   The submission of this question was
error.   A president of a corporation cannot sue upon an im-
plied contract to enforce a claim for services as an officer,
when he is a stockholder or director.   The adjudications are·
to the effect that such officer must show an express contract
for compensation as a basis for such a claim.   Though this
question was not before the court for decision on the first ap-
peal, it is apparent from the questions decided that the court
entertained this view.   Among the authorities in support of
this rule are the following: 2 Cook, Corporations, § 657;
*Commonwealth Ins. Co. v. Crane,* 6 Met. ˙64; *Illinois L. Co.
v. Hough,* 91 Ill. 63; *Farmers' L. & T. Co. v. H. R. Co.* 152
N. Y. 251, 46 N. E. 504; *Fitzgerald & M. C. Co. v. Fitz-
gerald,* 137 U. S. 98, 11 Sup. Ct. 36; *Sears v. Kings Co. E.
R. Co.* 152 Mass. 151, 25 N. E. 98.   The cases in seeming·
conflict with this ruling generally present the distinguishing
features that the services rendered for which recovery was
claimed were either for extraordinary services rendered out-
side the usual official duties, or cases where a person· other
than a director· or stockholder accepted an election to such a
position under some person or body authorized to elect and
employ some one not considered with the corporation.

We encounter another difficulty in this question of the spe-
cial verdict, which also affects the other questions submitted

to the jury, whereby they were to find whether there was a
contract, "express or implied," that defendant should receive
compensation for the services specified in the several counter-
claims.    The questions propounded are framed alike in this
respect.    The one relating to his salary was whether there was
an "express or implied" contract for compensation.    To this
the jury answered "Yes."  This answer not only leaves it un-
certain whether the jury found there was an express or im-
plied contract between the parties, but we are unable to ascer-
tain whether the jury *agreed* that either contract was made.
A part of them may have found there was an express con-
tract, but no implied one; and the others may have reached
the conclusion that there was an implied, but no express, con-
tract.    Thus it is rendered uncertain whether the jury in fact
determined this issue.  This difficulty could probably have
been successfully avoided by an appropriate instruction di-
recting the jury to the effect that, whichever fact they found,
under the alternative inquiry of this question, must be as-
sented to by all the jurors.  But no such information was con-
veyed to them.    Under these circumstances the question is
faulty for duplicity, and is fatally defective for uncertainty
as to the determination of the issue.  *Carroll v. Bohan,* 43
Wis. 218; *Gunther v. Ullrich,* 82 Wis. 222, 52 N. W. 88;
*Klochinski v. Shores L. Co.* 93 Wis. 417, 67 N. W. 934;
*Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188; *Gehl v. Mil-
waukee P. Co.* 116 Wis. 263, 93 N. W. 26.    It may aid in
framing single, direct, and plain questions to omit the words
"express or implied" from the question of the special verdict
on this and like issues, and embody the necessary information
which the jury should possess as to the two classes of con-
tracts in an instruction with a direction that, in order to find
either contract as a fact in the case, the assent of all the jurors
is necessary to make it a valid verdict.    The questions of the
special verdict covering the other counterclaims is open to the
same objection, which leaves the material issues of the several

counterclaims undetermined, and renders a new trial of the action unavoidable.

Some other errors are alleged and presented, which should be noted in view of the fact that a new trial must be had. The court instructed the jury with reference to the allowance of interest on amounts found due defendant for services as follows:

"After you have determined such amount, you will compute interest thereon at the rate of six per cent. per annum from the date that these services were completed pertaining to such matter, and the total amount of interest and value so found by you will be the sum which you should insert in your answer."

Under the decisions of *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327, and *Remington v. Eastern R. Co.* 109 Wis. 154, 84 N. W. 898, 85 N. W. 321, interest should not run until a demand has been made "sufficiently specific to inform the debtor of the claim made" to enable him to ascertain what amount, under the circumstances, he ought to pay.

In connection with question No. 19 of the special verdict, the court in effect instructed the jury that the conduct of the officers and agents of a corporation in respect to the payment of a salary to the president for his official services would bind it under the same circumstances as an individual. As we have shown above, this is not the rule between a corporation and its stockholders and directors, when they act as its officers.

Some general exceptions were taken to portions of the charge which include two or more distinct propositions. Under such circumstances the exception does not avail to present any question for review. *Tebo v. Augusta,* 90 Wis. 405, 63 N. W. 1045; *Sheppard v. Rosenkrans,* 109 Wis. 58, 85 N. W. 199; *Dean v. C. & N. W. R. Co.* 43 Wis. 305; *Estate of Kessler,* 87 Wis. 660, 59 N. W. 129.

Other errors assigned pertain principally to questions de-

cided upon the former appeals, and nothing can be added to what is there stated. The exception to the court's ruling upon the objection to the cross-examination of plaintiff and Mr. Youmans as to transactions with the bank is not likely to arise upon another trial, so we need not examine it.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.