TOSTY, Respondent, vs. MORGAN COMPANY, Appellant.

*December 11, 1912—January 7, 1913.*

*Master and servant: Negligence: Personal injury: Proximate
cause: Special verdict: Disjunctive finding: Questions to be
submitted: Warning of danger: Contributory negligence: As-
sumption of risk: Instructions to jury.*

1. A disjunctive finding in a special verdict to the effect that one
   or the other of two negligent acts was the proximate cause
   of an injury cannot be considered a finding that either one
   was such cause, where there was evidence from which the jury
   might have found that either one was and the other was not
   and it does not appear from the record that the entire jury
   agreed as to either one of the two.
2. Where the question whether defendant was guilty of a want of
   ordinary care in failing to warn plaintiff of a certain danger
   was submitted in a special verdict, it was not error to refuse
   to submit a separate question as to whether defendant ought
   to have known that plaintiff needed such warning; because de-
   fendant could not have been guilty of actionable negligence in
   failing to give the warning unless he knew or ought to have
   known that plaintiff needed it.
3. Where there is evidence which would support a finding of as-
   sumption of risk as distinguished from active contributory
   negligence and the submission in a special verdict of a separate

question on the subject is requested, such question should be submitted or a specific instruction should be given in connection with the general question as to contributory negligence so that the jury will understand that assumption of risk is included therein.

4. The instructions given in this case are *held* not to have informed the jury with sufficient fulness that both forms of contributory negligence were included in the general question which was submitted.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

This is an action to recover damages for the loss of two fingers of the plaintiff's left hand, which were cut off by a rip-saw in the defendant's mill, September 19, 1910. The plaintiff was twenty-seven years of age; an Austrian, who had been in this country three years and had been a common laborer. He was employed by the defendant August 5, 1910, and was first set at work in the glue department on a self-feeding machine called a sticker. Two weeks later he was set at work on a circular rip-saw about a foot in diameter, extending above the surface of the table two and one-eighth inches. This saw had an iron spreader behind it from which a flat iron cover extended upward and forward, completely covering the top of the saw at a distance of about two and three-quarters inches above the table. The plaintiff claims that when he was set at work at this saw he was instructed how to push small pieces of soft wood, two inches in thickness, through the saw with his hands, and was also told that the pieces could not be allowed to go across the table and drop down behind, because the pulley which operated the saw was behind the table, and hence that the pieces which had been sawed must be kept hold of and pulled back again after the sawing was completed. It appears that the plaintiff operated the saw successfully for about a month, when he was directed to rip two pieces of veneer about an eighth of an inch thick. As he was ripping the second piece his fingers were caught in the saw and cut off. The plaintiff claims that the

veneer caught on the rear teeth of the saw and jerked back, and that the machine was dangerous and defective, at least for the purpose of ripping veneers, in that the so-called guard was too far above the saw to be of any substantial use as a guard. The plaintiff also claimed negligence in failing to warn him of the dangers incident to the ripping of veneers upon such a machine.

The jury returned the following special verdict:

"(1) Was the rip-saw in defendant's mill at which plaintiff was employed when injured a reasonably safe machine for ripping thin pieces of gum-wood as it was then equipped by defendant? *A.* No.

"(2) Was the defendant guilty of a want of ordinary care and prudence in failing to warn the plaintiff as to the danger in running such thin stuff through said rip-saw? *A.* Yes.

"(3) If you answer question number 1 'No,' or question number 2 'Yes,' then was such unsafe machine, or such failure to warn plaintiff, the proximate cause of plaintiff's injury? *A.* Yes.

"(4) Was the hand rip-saw machine such as plaintiff was operating when injured in common use in the factories in the city of Oshkosh in ripping thin stuff such as plaintiff was ripping? *A.* No.

"(5) Was the rip-saw on which plaintiff was injured obviously dangerous to the ordinarily careful employer in the same line of business as the defendant? *A.* Yes.

"(6) Was the plaintiff guilty of any want of ordinary care and prudence which in any manner contributed toward his said injuries? *A.* No.

"(7) If the plaintiff is entitled to recover, at what sum do you assess his damages? *A.* $2,500."

Judgment for the plaintiff was rendered on this verdict, and the defendant appeals.

For the appellant there was a brief by *Weed & Hollister,* and oral argument by *H. I. Weed.*

For the respondent there was a brief by *Eaton & Eaton,* and oral argument by *M. H. Eaton.*

Winslow, C. J.    It is contended that a verdict for the defendant should have been directed both because there was no evidence of negligence on its part, and because the evidence conclusively shows assumption of risk on the part of the plaintiff.    Both of these contentions are overruled without comment, except to say that we consider that both questions were properly for the jury.

One of the most serious difficulties in the case arises from the form of the third question.    By their answers to the first two questions the jury find the defendant negligent (1) in the use of an unsafe machine, and (2) in the failure to warn the plaintiff of his danger, and by the answer to the third question they find that one or the other of these negligent acts was the proximate cause of the plaintiff's injury.

By a long series of decisions it has been held in this court that a disjunctive finding like this cannot be considered as a finding of either fact in cases where there was evidence from which the jury might affirm one and negative the other and it cannot be said from an examination of the record that the entire jury affirmed either of the two propositions.    *Spille v. Wis. B. & I. Co.* 105 Wis. 340, 81 N. W. 397; *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698; *Du Cate v. Brighton,* 133 Wis. 628, 114 N. W. 103.

In the present case there was sufficient evidence from which the jury might have affirmed either of the propositions involved and negatived the other.    It was not a case like *Berger v. Abel & B. Co.* 141 Wis. 321, 124 N. W. 410, where there was no evidence in support of one of the alternative propositions, and it was held that the jury as sensible men must have considered and answered only that branch of the question upon which there was evidence, and hence there was no prejudicial error.

The defendant asked that a question be incorporated in the special verdict asking the jury whether the defendant ought to have known that the plaintiff needed a warning as to the

danger of using the saw for ripping veneers. The request was refused and the defendant assigns error on this ruling. We find no error here. The proposition is fully covered by the second question. The defendant could not be guilty of action-able negligence in failing to warn unless it knew or ought to have known that the plaintiff needed the warning.

The defendant requested in various forms that a separate question covering assumption of risk be submitted to the jury, but no such question was submitted, and the subject is not covered by the verdict unless it be held to be covered by the sixth ruling which acquits the plaintiff of contributory negligence. It is quite well established in this court (though perhaps not with the most exact logic) that assumption of risk is a form of contributory negligence; that if there be no request to submit the issue by a separate question it will be covered by the general question as to the presence of contributory negligence; that if there be evidence to support a finding of assumption of risk as distinguished from active contributory negligence and a request to submit a separate question on the subject be made, such question should be submitted, or that in submitting the general question of contributory negligence a specific charge should be given to the jury covering the subject and clearly informing them of the nature of this form of contributory negligence, so that the jury will understand that both forms of negligence are included in such general question. See *Campshure v. Standard Mfg. Co.* 137 Wis. 155, 118 N. W. 633, where the authorities on the subject are collated.

In the present case we think there was evidence from which the jury might have found assumption of risk and negatived active contributory negligence, and *vice versa.* The defendant's request to submit the issue of assumption of risk by a separate question should therefore have been granted, unless the court chose to cover the subject by a sufficient instruction in connection with the general question of contributory negli-

gence.   It seems very doubtful whether this was done.   The
court charged the jury in connection with question 6 as fol-
lows:

"This question requires you to answer whether the plaint-
iff himself was guilty of a want of ordinary care and prudence
which contributed to his injuries.   It is contended on the part
of the defendant he was so guilty, and if it had not been for
his carelessness his fingers could not have gotten in on that
saw; on the other hand it is contended that he was not guilty
of a want of ordinary care and prudence, but was exercising
ordinary care and prudence at the time.   That is a question
for you to determine from all the evidence and answer the
question either Yes or No."

It seems quite plain that this instruction only relates to
active contributory negligence.   In a later portion of the
charge he returned to this question in the following words:

"In considering this question I am asked by the plaintiff
to instruct that an employee does not assume a risk of which
he has no knowledge, experience or ability to ascertain, and
if you should find from the evidence that the plaintiff had no
knowledge, experience or ability sufficient to ascertain the
danger which caused the loss of his fingers while running
this thin gum-wood through the edger as it was then equipped,
then you should consider that in answering question num-
ber 6."

This instruction refers to assumption of risk and gives
the jury some negative instructions with regard to it, but can
hardly be said to inform the jury of the fact that two forms
of contributory negligence are included in the question with
that fulness that ought to mark the instruction when the
specific request for a separate question has been made and
denied.

It is unnecessary now to say whether we should reverse the
judgment on this latter ground alone.   It is sufficient to say
that upon another trial the question of assumption of risk
should (if either party request) be submitted to the jury,

either by separate question or by appropriate instruction under the general question as to contributory negligence.

No other errors are assigned which seem to us substantial.

*By the Court.*—Judgment reversed, and action remanded for a new trial.