MOERING, Appellant, vs. FALK COMPANY, Respondent.

*November 19—December 9, 1913.*

*Master and servant: Injury from incompetency of fellow-servant: "Habitual" carelessness: Special verdict: Evidence: Constructive notice.*

1. The word "habitual" is ordinarily applied to those things which we do customarily or from force of habit.
2. A servant may be incompetent because of carelessness, although not *habitually* careless.
3. In an action for personal injuries alleged to have been caused by incompetency of a fellow-servant, the evidence showed that the fellow-servant was either habitually careless or was guilty of an occasional fugitive act of carelessness which, in this case, would not show incompetency. The court submitted for special verdict the question whether he was "an incompetent employee of defendant because of any habitual carelessness" in doing his work, and attention was not at any stage of the proceedings below specifically called to such use of the word "habitual." *Held,* that its inclusion in the question was not improper or prejudicial to plaintiff.
4. A servant cannot be held incompetent merely because he does what all of his numerous fellow-servants do who are engaged in the same work. So. *held,* where the act resulting in plaintiff's injury was the sprinkling of gasoline upon burning gasoline in the process of drying the molds in a foundry.
5. Where there was a shop rule prohibiting the doing of the act which resulted in plaintiff's injury, and the employees had been repeatedly warned not to do their work in that way and sharply reprimanded for disobeying the rule, and it appeared that they were careful not to violate the rule when any of defendant's officers or agents or vice-principals were around, evidence of a few fugitive violations by one employee during a long period of time did not warrant a finding that defendant had, by reason thereof, constructive notice of the incompetency of such employee.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

For the respondent there was a brief by *Doe & Ballhorn,* and oral argument by *J. B. Doe.*

BARNES, J. This case was before this court on a former appeal from a judgment entered on a directed verdict in defendant's favor. The judgment was reversed because it was thought the evidence presented a jury question. The case is reported in volume 141 of our Reports, page 294 (124 N. W. 402), and reference is. made thereto for a statement of the nature of the case. On a subsequent trial the jury returned a verdict in defendant's favor, and from a judgment entered thereon plaintiff again appeals.

The first question in the special verdict was as follows:

"(1) Was the molder, Loesch, an incompetent employee of the defendant because of any habitual carelessness in the sprinkling of gasoline upon burning gasoline in molds?"

The jury answered "No." The plaintiff appeals from a judgment entered on this verdict, on the ground that it was error to use the word *"habitual"* in the question.

The plaintiff asked that the following question be submitted to the jury: "Was the molder Loesch an incompetent servant of the defendant?" The court refused to submit the question, and exception was taken to such refusal.

There was no claim made that Loesch was not capable of doing his work properly. If he was incompetent, it was because he was careless.

A servant may be incompetent because of carelessness and still not be habitually careless. The word "habitual" is ordinarily applied to those things which we do customarily or from force of habit. If an employee is called upon to perform a certain act, say fifty times a day, and does it properly forty times and negligently ten times, it would not be accurate to say that the act was habitually done in a careless way, because it was not customarily so done. Under such circumstances, however, the servant might well be incompe-

tent.   So cases might well arise where it would be improper to submit such a question as was here submitted.

But we do not think that the plaintiff was prejudiced in the slightest degree by the inclusion of the word "habitual" in the question, or that its inclusion was improper in this case.   It is apparent that the reason for asking that a different question be submitted was not because of the use of the word "habitual."   The plaintiff's evidence tended to show *"habitual"* carelessness.   His counsel requested the court to take the question submitted from the consideration of the jury and answer it in the affirmative on the uncontradicted evidence.   The attention of the lower court does not appear to have been specifically called to the use of the word at any stage of the proceedings.   The .opinion of the trial court on the motion denying a new trial states that the principal ground urged in support of the motion was that the verdict was perverse.

The evidence wholly fails to show how frequently Loesch used gasoline for drying molds.   As far as it goes, it is to the effect that its use was infrequent.   Staege, another molder who worked within a few feet of him for six months, said he never saw him use it during that time.   The plaintiff worked with Loesch for five weeks as helper before he was burned, and said he never saw him use gasoline before the day of the injury.   There is no evidence that shows or tends to show how frequently it was necessary to make a second application of gasoline.   There is no evidence in the case which shows or tends to show that Loesch ever used a second application of gasoline when he did not throw it on burning gasoline.   The two principal witnesses for the plaintiff testified that Loesch had in fact thrown gasoline on burning gasoline from fifteen to twenty-five times.   They do not state, nor does any other witness, that he ever did the work otherwise.

It is apparent that the jury did not believe the testimony of these two witnesses.   By the charge and by reason of the

submission of the first question, the jury were given to understand that there was sufficient evidence in the case to warrant an affirmative answer. On the state of the evidence Loesch was either habitually careless or he was guilty of an occasional fugitive act of carelessness, which in this case would not show incompetency. It is in evidence and undisputed that all of the molders, and there were from sixty to one hundred of them on the same floor with Loesch, occasionally sprinkled gasoline on burning gasoline. If Loesch did no more, he was not incompetent, unless all of his fellow-molders were incompetent also, and it is not correct to say that a servant is incompetent because he does what all of his numerous fellow-servants do who are engaged in the same work. These occasional lapses indicated simply that the employees, being human beings, were, like the great mass of mankind, careless at times. The question submitted was entirely appropriate, considering the nature of the evidence offered. That on the part of the plaintiff tended to show habitual carelessness, while that offered by the defendant tended to dispute this and to show no carelessness whatever.

There is another reason why plaintiff could not make out a case by showing that Loesch was guilty of a few acts of carelessness covering the year and a half he worked as a molder before the accident. We do not think there is any evidence in the case that would warrant a finding of actual knowledge on defendant's part that Loesch was incompetent. There was a rule of the shop, well known to the various employees, prohibiting the doing of the act which resulted in plaintiff's injury. The molders, including Loesch, were repeatedly warned not to do their work in that way and were sharply reprimanded for disobeying the rule. It was testified to, and the evidence was uncontradicted, that the molders were careful not to violate the rule when any of the defendant's officers or agents or vice-principals were around. Where such a condition prevailed, it would take something more than a few fugitive acts covering a long period of time

to warrant a jury in finding constructive notice, and it was essential to the plaintiff's case that constructive notice be found.    We think on the evidence before the court the question of the incompetency of Loesch was fairly submitted.

By the Court.—Judgment affirmed.