Rosenberry, C. J.
 

 After stating the residence and business of the parties and setting forth that the plaintiff was employed by one Anton 'Wendling to do work upon the premises owned by Leo W. Lukoski, ■ which operations it is alleged the defendants had determined to halt by any fair or foul means, plaintiff in his complaint alleges :
 

 “(9) Plaintiff is informed and verily believes and, upon such information and belief alleges the fact to be, that the defendants herein, on or about the 28th day of October, 1939, formed a conspiracy to prevent any further progress looking toward the completion of said job at 7208 West Fond clu Lac avenue, town of Granville, Milwaukee county, Wisconsin; and pursuant to such conspiracy theretofore formed by the defendants, on said 28th day of October, 1939, at about 1 :30 p. m., while plaintiff was on a scaffold five feet high, engaged in' his lawful occupation as mason on the job at the aforesaid premises, your plaintiff was set upon and brutally assaulted by the defendants and coconspirators.
 

 “(10) Plaintiff alleges that pursuant to the said conspiracy theretofore formed by the defendants herein to halt the construction operations on the job at the aforesaid premises, while he was on the scaffold, as aforesaid, performing his duties as mason, your plaintiff was attacked by one of the defendants and coconspirators, which assailant’s fist struck your plaintiff’s face, causing his head to strike with great force and violence against the wall of the building on which he was working as such mason; that, as your plaintiff tried to regain his position on the scaffold, said assailant again struck him with
 
 *352
 
 his fist; that, immediately 'thereafter, your plaintiff was again struck on the back of his head by a brick or other implement unknown to your plaintiff flung from the rear by a second assailant, who was one of the defendants and coconspirators; that thereafter, as your plaintiff endeavored to crawl off the scaffold, his first assailant struck him mercilessly with the flat side of a brick on top of your plaintiff’s head, whereupon, your plaintiff was rendered unconscious from said blow and fell from said scaffold to the ground and suffered a broken skull and numerous other bodily injuries.” The injuries sustained as a result of the assault are fully described.
 

 Upon this appeal the defendants’ basic contention is that because'of the allegations contained in the complaint to the effect that the defendants acted pursuant to a conspiracy, no recovery could be had unless a conspiracy was established and found by the jury. This contention cannot be sustained.
 

 The gist or gravamen of a civil action for conspiracy is not the conspiracy itself but is the civil wrong which is done pursuant to a conspiracy and which results in damage to ther plaintiff.
 
 Wachowski v. Lutz
 
 (1924), 184 Wis. 584, 594, 201 N. W. 234.
 

 Alleging that certain persons have entered into a conspiracy does not in and of itself allege a cause of action, and in any except exceptional circumstances it need not be alleged in order to impose liability for the wrong on all who have conspired to commit it.
 
 Judevine v. Benzies-Montanye Fuel & Whse. Co.
 
 (1936) 222 Wis. 512, 269 N. W. 295. See also 15 C. J. S. p. 1037, sec. 25, and cases cited. .
 

 In a civil action for damages for an executed conspiracy, the gist of the wrong is the damages. The combination may be of no consequence except as bearing upon rules of evidence.
 
 Jones v. Monson
 
 (1909), 137 Wis. 478, 119 N. W. 179.
 

 Whether a conspiracy exists may determine what persons are liable for the injuries inflicted. The distinction between
 
 *353
 
 liability for civil and criminal conspiracy must always be borne in mind. In a civil action for damages instituted for conspiracy, the gist of the action is the damage; while in a criminal prosecution for conspiracy, the gist of the action is the conspiracy.
 
 Martens v. Reilly
 
 (1901), 109 Wis. 464, 475, 84 N. W. 840.
 

 In that case, it was said: “The unlawful act would have been actionable if no one had been concerned in it but Mrs. O’Connor. The others combined with her to do such unlawful act. The-object of the combination was accomplished and there was resulting damage to plaintiffs. So the case fits the legal test at every point. The damage stands out significant, independent of the combination. The combination connects all parties with the damage that were guilty participants in the wrong.”
 

 The precise question raised by the contention of the defendants was disposed of adversely to them in
 
 Kile v. Anderson
 
 (1924), 182 Wis. 467, 196 N. W. 762. That was an action for conspiracy for fraudulently and maliciously procuring the suspension of a pastor from the church. It was held that a finding that there was no conspiracy did not negative the liability of the individual defendants for the wrongful acts done, and further, that the allegations of the conspiracy in the complaint may be regarded as matters of aggravation or inducement and as not necessary to be proved.
 

 In
 
 Gatzow v. Buening
 
 (1900), 106 Wis. 1, 81 N. W. 1003, the jury found there was a conspiracy and that the acts complained of were done pursuant to- it but recovery was denied on the ground that no physical in jury having been shown, there could be no recovery for injuries to the plaintiff’s feelings. In other words, recovery does not lie for conspiracy in the absence of damage. The only damages claimed being injury to feelings, there could be no recovery without a showing of physical injury. There being no recovery for damages except
 
 *354
 
 such as was caused by the injuries resulting from the wrongs inflicted pursuant to it, where damages are shown a finding of conspiracy is not necessary to a recovery.
 

 In this case while the plaintiff in his complaint alleges that there was a conspiracy, the judgment is sought to be sustained on the ground that the evidence establishes concert of action. If the jury had found concert of action by the defendants that would have been sufficient to establish their liability. In this case the testimony of witnesses for the plaintiff tend to establish one state, of facts while the testimony of ' witnesses for the defendants tend -to establish exactly the opposite state of facts. Where the truth lay was clearly a matter for the jury.
 

 It is clear from the record that the court submitted the case to the jury upon the theory that the defendants were directly connected with the action which resulted in the injuries complained of by the plaintiff. The defendants complain that the plaintiff by setting up a conspiracy and failing to- establish it and claiming the right to recover on the theory of concert of action, the defendants were prejudiced in their defense. This contention cannot be sustained. Evidence as to- conspiracy may be relevant and material to the question of concert of action and tend to establish the reasons why the defendants concerted as they did, although it may fall short of establishing a conspiracy.
 

 During the course of the trial, the complaint was dismissed as to -the defendant Schoemann. No question is raised in regard to the dismissal of the action as to him.
 

 At the close of the trial the court submitted the following question:
 

 “Did defendant, Charles J. Ebert, participate in, induce, or give substantial assistance to or encouragement to others, in an assault and battery upon plaintiff, George C. Martin, on October 28, 1939, at No. 7208 West Fond du Lac avenue, Milwaukee county?” The jury answered the question “Yes.”
 

 
 *355
 
 An identical question was submitted with respect to Jacob J. Schaefer, J. E. Normandin, Peter L. Hoffmann, and Frank Clark. To each of these questions the jury made the same response.
 

 The defendants contend that the court was in error in submitting the questions in that form for the reason that the questions submitted were duplicitous, multiple, and not clearly understandable. This contention of the defendants must be sustained. No one can tell from the jury’s answer whether five sixths of the jury agreed as to any one of the disjunctive elements submitted by the verdict. The verdict inquired, first, as to participation, second, as to inducement, third, as to substantial assistance, and, fourth, as to encouragement. Three jurors might have been of the opinion that the named defendant participated in the assault,- three might have been of the-opinion that the named defendant induced the assault, three might have been of the opinion that the defendant gave substantial assistance in the commission of the assault, and three might have been of the opinion that the defendant encouraged of hers to commit the assault and so have agreed to- the. answer “Yes.” Such a verdict is fatally defective. No one can say whether five sixths of the jury agreed upon any one of th'e things inquired about in the disjunctive, in other words, it is no verdict. If the verdict had been so- framed as to- require a separate answer to each element it would have been sufficient in form as well as substance.
 

 In the case of
 
 Du Cate v. Brighton
 
 (1907), 133 Wis. 628, 630, 636, 114 N. W. 103, this perplexing question was dealt with and the cases decided up to that time considered and a rule laid down which has since that time been carefully adhered to.
 

 In that case the following question was submitted:
 

 “Did the highway officers of the defendant town know, or in the exercise of ordinary care and diligence in the discharge of their duties ought they to have known, that the highway was so insufficient and out of repair a sufficient
 
 *356
 
 length of time before the accident to have repaired the same, in the exercise of ordinary diligence?” The jury answered this question “Yes.”
 

 After consideration of all the cases bearing upon the question, the court, speaking by Mr. Justice Timlin, said:
 

 “But in cases like the instant case, where there was evidence from whic-h the jury might have found either actual or constructive notice, or might have negatived either one and affirmed the other, and in all like cases in which, after the question is answered, it cannot be said that the whole jury affirmed either of the disjunctive propositions, the submission of such question constitutes error for which the judgment resting thereon must be reversed.”
 

 For a mass of cases from almost every jurisdiction which hold the same doctrine, see 64 C. J. p. 1153, sec. 943, and cases cited in the note (c) following. See also
 
 Gay v. Milwaukee E. R. & L. Co.
 
 (1909) 138 Wis. 348, 120 N. W. 283;
 
 Tosty v. Morgan Co.
 
 (1913) 151 Wis. 601, 139 N. W. 402.
 

 It was held in
 
 John Hoffmann & Sons Co. v. Parks
 
 (1921), 175 Wis. 303, 184 N. W. 1035, that objection to the form of a question in a special verdict must be made in time for the trial court to correct the defect or it is waived. It does not appear from the record that the defendants objected to the form of the verdict but the defect in the verdict is one of substance and not of form.
 

 Other questions are raised which we do not discuss in view of the fact that the case must be reversed because of the defective verdict. The questions are not likely to recur upon another trial.
 

 By the Court.
 
 — Judgment appealed from is reversed, and cause remanded for a new trial.
 

 Fritz, >J., took no part.