47 So.2d 582 (1950)
LIAPPAS
v.
AUGOUSTIS et al.
Supreme Court of Florida, Division A.
July 18, 1950.
Brunstetter & Waldin, Miami, for appellant.
Baynes, Garman & Phillips, West Palm Beach, for appellees.
ROBERTS, Justice.
The plaintiff, appellant here, filed suit in the court below to recover damages alleged to have been sustained because of the conspiracy of the defendant-appellees to alienate the affections of plaintiff's wife, who was the niece of defendants. Upon demurrer of defendants, plaintiff's suit was dismissed with prejudice, and he now appeals.
The sole question on this appeal is whether or not Chapter 23138, Laws of Florida, Acts of 1945 (being Chapter 771, Florida Statutes, F.S.A.) operates as a bar to a civil action for conspiracy to commit the wrongs, theretofore actionable, enumerated in said Act.
Section 771.01 of the Act provides that "The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry are hereby abolished." In Section 771.04 it is provided that "No act hereafter done within this state shall operate to give rise, either within or without this state, to any of the rights of action abolished by this law." It is also provided, in Section 771.08, that the law "shall be liberally construed to effectuate the objects and purposes thereof and the public policy of the state as hereby declared."
The purpose of the Act, as stated in the preamble, is, inter alia, to prevent the perpetration of frauds, exploitation and blackmail, for which unlawful purposes the remedies therein abolished had been theretofore used by unscrupulous persons. If, for no reason other than to "effectuate the objects and purposes" of the Act and the public policy of the State, as therein declared, we would be constrained to hold that the Legislature intended to prohibit all civil actions for damages for the named wrongs, whether such wrongs were committed by one person or by two or more acting together. To hold otherwise would inevitably defeat the purpose of the Act, for reasons which are apparent.
However, not only because of the Legislative intent, as we construe it, but also under applicable principles of law, the instant action cannot be maintained.
The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff. Dr. P. Phillips & Sons v. Kilgore, 152 Fla. 578, 12 So.2d 465; Martin v. Ebert, 245 Wis. 341, 13 N.W.2d 907, 152 A.L.R. 1142; Daniels v. Barker, 89 N.H. 416, 200 A. 410. Thus, it is generally held that an act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy. Allen v. Ramsey, 170 Okla. 430, 41 P.2d 658, *583 666, 97 A.L.R. 1259; Martens v. Reilly et al., 109 Wis. 464, 84 N.W. 840, 843; Kamm v. Flink, 113 N.J.L. 582, 175 A. 62, 99 A.L.R. 1; Cooley on Torts, Fourth Edition, Volume 1, Section 74.
Since the right of action for alienation of affections no longer exists, a civil action for conspiracy based on such civil wrong cannot be maintained, unless the mere force of numbers, acting in unison, or other exceptional circumstances, gives rise to an independent wrong. In such case the conspiracy itself becomes the gist of the action. See DesLauries v. Shea, 300 Mass. 30, 13 N.E.2d 932; Neustadt v. Employers Liability Assur. Corp., 303 Mass. 321, 21 N.E.2d 538, 123 A.L.R. 134; Fleming v. Dane, 304 Mass. 46, 22 N.E.2d 609. See also the article in 11 Harvard Law Review, page 457 et seq.
As stated in DesLauries v. Shea, supra, "There can be no independent tort for conspiracy unless in a situation `where mere force of numbers acting in unison or other exceptional circumstances may make a wrong.' * * * And in order to prove an independent tort for conspiracy upon the basis of `mere force of numbers acting in unison,' it must be shown that there was some `peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in a like relation to the plaintiff would not have had.'" [300 Mass. 30, 13 N.E.2d 935.] And in Fleming v. Dane, supra, after quoting the foregoing as "the controlling proposition of law," the Massachusetts court stated further that "The most common illustration of such a `conspiracy' is to be found in the combined action of groups of employers or employees, where through the power of combination pressure is created and results brought about different in kind from anything that could have been accomplished by separate individuals. * * * Outside of this and related or similar fields, instances of conspiracy which is in itself an independent tort are rare and should be added to with caution." [304 Mass. 46, 22 N.E.2d 611.]
It has not been made to appear, and we are unable to surmise, any state of facts in which the actions of a combination of persons who conspire together to commit the acts for which a right of action existed prior to the enactment of Chapter 771 (viz. alienation of affections, criminal conversation, seduction, or breach of promise to marry) would assume a new and different character and thus amount to an independent tort. While the combined actions of two or more persons might exert more pressure on the person affected, the nature of the individual act is not altered, nor its character affected or changed, by the combination. It is our opinion, therefore, that a civil action for conspiracy to commit such acts cannot be maintained in this state.
We have examined the case of Randall v. Lonstort, 126 Wis. 147, 105 N.W. 663, 3 L.R.A.,N.S., 470, 5 Am.St.Rep. 371, relied on by appellant, in which the Wisconsin court held that an action for conspiracy for alienation of affections would lie even though no action could be maintained by the injured wife against an individual. We do not consider this case persuasive, since there was no Wisconsin statute abolishing civil actions for alienation of affections and the like. There was no bar to such an action by a husband, and the court's decision appears to have been made in an effort to "get around" the previous holdings of that court in Duffie v. Duffie, 76 Wis. 374, 45 N.W. 522, 8 L.R.A. 420, 20 Am.St.Rep. 79, and in Lonstorf v. Lonstorf, 118 Wis. 159, 95 N.W. 961. In these cases it was held that, at common law, a wife could not maintain an action for the alienation of her husband's affections, and that this inability to maintain such an action was not changed by the Wisconsin statutes giving limited property and contractual rights to a wife.
For the reasons stated, the judgment appealed from should be and it is hereby
Affirmed.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.