HENDRY, Judge.
Appellant Berger filed his complaint below, charging the appellees and a third defendant, J. & E. Realty Inc., with conspiring to destroy the value of certain stock pledged as collateral security to him for money due and owing. The facts giving rise to this litigation show that Berger and Mr. and Mrs. Levin were sole co-owners of stock in a corporation known as Jubliee Trailer Park, Inc. In 1967, Berger sold his entire interest which was 25% of the outstanding shares to the corporation which thus became entirely controlled by the Levins with their 75% interest. Prior to that sale, an indebtedness had been incurred by the corporation to Berger in the amount of $11,500. Thus, the entire sale transaction was made to compensate Berger not only for the value of his corporate stock interest, but also for the prior existing indebtedness. The total amount which became owing to Berger as a result of the transaction was $27,512.50.
The sales agreement provided that payments were to be made to Berger on an installment basis. The stock certificates which Berger was conveying were to be delivered to an escrow agent as collateral for the above amount. The sales agreement provided for the gradual release of the stock certificates as certain payments were made on the total indebtedness. The agreement also contained other provisions which are not pertinent hereto. It should be noted that the sales agreement was executed between the corporation as purchaser-debtor, and Berger as seller-creditor. Appellees Levin were not parties to that agreement. But the Levins did execute a written guarantee, which was in consideration of the mutual covenants contained in the agreement noted above. That instrument guaranteed payment of the indebtedness by the corporation to Berger- and provided for legal action against the Levins in the event of defaulting payments.
After the completion of the above transactions, the Levins, who by then were the sole shareholders, sold their entire interest in the corporation to J. & E. Realty, Inc. Thereafter, the new majority stockholder, J. & E. dissolved Jubilee Trailer Park, Inc. The effect of the dissolution on the collateral shares of Jubilee, Inc., was to render them valueless. However, up to and including the time of trial, no default had been made in the installment payments which were presently owing to appellant Berger. He nevertheless initiated this litigation in an effort to either collect the entire amount which was still owing to him at the time, or to have the court order a substitution for the now-valueless collateral which had been pledged to secure the indebtedness.
At the conclusion of the hearing on the appellee’s motion for summary judgment, the trial judge found that there had been no destruction or loss of the collateral security at the time of the action, and that the assets of the dissolved corporation are deemed by law to exist for the benefit of creditors for a period of three years thereafter, § 608.30, Fla.Stat., F.S.A. (1967). The trial judge further found that Berger had legal rights of recovery, in the event *877 that they be necessary because of default, under the guarantee which had been executed by the Levins, and until such time as a default could be shown, no relief could be granted to Berger in his present posture. With this finding we are compelled to agree.
After the sale by the Levins to J. & E. Realty, Co., the new purchaser and majority stockholder was acting within its legal rights by dissolving the Jubilee Trailer Park Corporation. The general rule is that the gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff. Liappas v. Augoustis, Fla. 1950, 47 So.2d 582; Ocala Loan Co. v. Smith, Fla.App.1963, 155 So.2d 711. There is no conspiracy demonstrated here upon which legal relief could be granted.
The other two points on appeal have been found to be without merit. Therefore, the summary final judgment being appealed is affirmed, but without prejudice for the appellant to pursue any further remedies to which he may be entitled.
Affirmed.