[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11490
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-01334-MSS-MAP


DAVID A. BELNIAK,
an individual,

Plaintiff - Appellant,

versus

FLORIDA HIGHWAY PATROL,
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR
VEHICLES,
TONI M. SHIELDS,
an Individual,
MICHAEL L. STYERS,
an Individual,
CHRISTIAN MOSESMAN,

Defendants - Appellees,

STATE OF FLORIDA,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 27, 2015)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, David A. Belniak, pleaded guilty to three counts of DUI manslaughter and one count of felony DUI serious bodily injury. He then filed this action, alleging state law claims for negligence and gross negligence, a civil conspiracy claim, and claims under 42 U.S.C. § 1983. All of the Plaintiff's claims are premised on allegedly unconstitutional conduct by the police in investigating the car accident that led to the Plaintiff's guilty plea.

The Defendants moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6), which the district court granted. The district court held that the Plaintiff was collaterally estopped from bringing these claims due to his guilty plea. The district court also found that, under Florida law, the negligence claims could not be brought as long as the Plaintiff's convictions were outstanding.

We review a dismissal under Rule 12(b)(6) *de novo*. We can affirm on any basis supported by the record, regardless of whether the district court decided the

2

case on that basis. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

The Plaintiff's claims cannot be brought as long as his convictions are outstanding. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372 (1994) (Section 1983 claims); *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1287 (11th Cir. 2002) (applying Florida law) (negligence claims); *Liappas v. Augoustis*, 47 So.2d 582, 582 (Fla. 1950) (a conspiracy claim cannot survive where the underlying civil wrong fails).  In other words, in order to bring these claims, the Plaintiff must first have his sentence or conviction invalidated.  We affirm the dismissal on this basis.[1]

We express no opinion on the district court's reliance on the doctrine of collateral estoppel.

**AFFIRMED.**

---

[1] In light of our holding, the Defendants' motion to strike is denied as moot.

3