Smalley vs. The City of Appleton.

SMALLEY, Appellant, vs. THE CITY OF APPLETON, Respondent.

*November 30 — December 13, 1887.*

MUNICIPAL CORPORATIONS: PLEADING: EVIDENCE: INSTRUCTIONS TO JURY. *(1) Form of denial. (2) Declarations as to disposition of damages to be recovered. (3) Health of party before accident: Opinions. (4) Injury from defective sidewalk: Misleading instruction. (5) Special verdict: Misleading question.*

1. In an action against a city for damages for an injury caused by a defective sidewalk, an answer verified by the mayor, and alleging that as to the matters and things alleged and set forth in the complaint the defendant " has no knowledge or information sufficient to form a belief, and therefore denies the same," is sufficient to raise the issues whether the sidewalk was defective, and whether the plaintiff was injured thereby while exercising ordinary care.

2. In such an action evidence of declarations by the plaintiff as to what disposition she was going to make of the money she expected to get from the city, is irrelevant and immaterial, and presumably prejudicial to plaintiff.

3. The evidence of a person well acquainted with the plaintiff before the accident, as to whether she was then in good health, is competent, and should not be excluded on the ground that it calls for the opinion of a witness who is not an expert.

4. In the absence of any evidence to show that plaintiff received her injury otherwise than by a defective sidewalk, it is error, as tending to mislead the jury, to charge that if the injury was caused on the street by her being pressed in a crowd of people, or by horses or carriages running against her, or in any other way than by a defective sidewalk, she could not recover.

5. Plaintiff alleged that she was injured by the breaking of the covering of a cellar window upon which she stepped, such covering being close to a building and on a level with the sidewalk, but outside the line of ordinary travel thereon. A question was submitted to the jury whether the sidewalk was in a safe condition of repair for ordinary travel. *Held*, that the question was calculated to mislead the jury.

APPEAL from the Circuit Court for *Outagamie* County. This is an action to recover damages for injuries alleged to have been sustained by the plaintiff, *Mary J. Smalley*,

on the evening of October 16, 1884, by reason of her stepping into a hole described in a sidewalk in the city of *Appleton.* The answer, after admitting that the plaintiff is a married woman and resides in the city of *Appleton,* and that the defendant is a municipal corporation, is as follows: " Defendant, further answering, alleges and says as to the matters and things in the plaintiff's complaint alleged and set forth not hereinbefore specifically admitted or denied, it has no knowledge or information sufficient to form a belief, and therefore denies the same." This answer was verified by the mayor on behalf of the city. A demurrer thereto on the ground of insufficiency and because " the denial in said answer is evasive, frivolous, and insufficient," was overruled.

The trial resulted in a special verdict to the effect (1) that the plaintiff was not injured by a fall occasioned by her stepping into such hole in said sidewalk at or about the time and place named in the complaint; (2) that one of the aldermen of the city had personal notice of the accident and injury complained of, from the plaintiff, within five days from the time of the happening thereof; (3) that said sidewalk was at the time complained of in a safe condition of repair for ordinary travel; (5) that the plaintiff, at the time and place complained of, was exercising ordinary care to avoid accidents and injuries. A question as to the amount of damages was not answered. From the judgment entered on the verdict, in favor of the defendant, dismissing the complaint with costs, the plaintiff appeals.

For the appellant there was a brief by *Goodland & Ryan,* and oral argument by *Mr. Goodland.* The answer is bad in form. Sec. 2655, R. S.; 1 Van Santvoord's Pl. (2d ed.), 425; *Collins v. Singer Mfg. Co.* 53 Wis. 305. It is bad in substance for two reasons: (1) The denial is not direct, positive, and explicit. Bliss on Code Pl. 331; 2 Wait's Pr. (2d ed.), 420; 1 Van Santvoord's Pl. 425, 430. (2) The alle-

gations of the complaint are such that the defendant will not be allowed to set up want of knowledge or information, and the denial does not raise an issue. *Mills v. Jefferson*, 20 Wis. 50; *State v. McGarry*, 21 id. 496; *Milwaukee v. O'Sullivan*, 25 id. 666; *Goodell v. Blumer*, 41 id. 436; *Elmore v. Hill*, 46 id. 618; *Union Lumbering Co. v. Supervisors*, 47 id. 245. Testifying to the health of plaintiff before the accident docs not call for an opinion. *Baker v. Madison*, 62 Wis. 137; *Reynolds v. Shanks*, 23 id. 307; 1 Greenl. Ev. sec. 440a.

*Samuel Boyd* and *H. Pierce*, for the respondent. The answer complies with the requirement of sec. 2665, R. S. Where the answer denies a material allegation in the complaint a demurrer will not lie. *Morse v. Gilman*, 16 Wis. 504; *Roberts v. Johannas*, 41 id. 616. Defects in form of expression in a pleading are not grounds of demurrer, if it is good in substance. *Flanders v. McVickar*, 7 Wis. 372; *Bach v. Bell*, id. 433; *Morse v. Gilman*, 16 id. 504; *Williams v. Sexton*, 19 id. 42; *Doe v. Lincoln Co.* 56 id. 66. The relief should have been sought by motion and not by demurrer. Secs. 2681–84, R. S. The answer is not sham or frivolous. *Cottrill v. Cramer*, 40 Wis. 555; *Martin v. Weil*, 8 id. 220; *Ferguson v. Troop*, 16 id. 571.

CASSODAY, J. We think the answer, verified by the mayor of the city, denying any "knowledge or information sufficient to form a belief " " as to the matters and things in the plaintiff's complaint alleged and set forth," sufficiently raised the issues for trial which were tried. But, upon a careful consideration of the whole record, we are forced to the conclusion that there has been a mistrial.

The real controversy was involved in the first and third questions submitted to the jury; which were, in effect, (1) whether the sidewalk was defective at the time and place in question; and (2) whether the plaintiff was injured by it.

Smalley vs. The City of Appleton.

The sidewalk in question was about ten feet wide, and upon the south side of College avenue, which ran east and west; and the building at that point ran up close to the sidewalk. There appears to have been steps leading from the sidewalk up into the front door of the building, and covering about two and a half feet of the walk. Close by the steps on the west side was a window opening, three feet and nine inches long and fourteen inches wide from the building. On the evening in question, there was a large crowd of people in the vicinity of the *locus in quo*, and the plaintiff was among them. A horse dashed by, and the people on the sidewalk at that point stepped back. The plaintiff testified, in effect, that she stepped, supposing she was on the sidewalk, and something broke under her feet, and she went right down in the hole, and was injured. The evidence is pretty conclusive that, either there or elsewhere on that evening, she was bruised more or less severely on her limb between the knee and the hip. The evidence relied upon to disprove such injury was purely circumstantial and inferential. One class of such evidence consisted of medical testimony tending to prove that her internal troubles were the result of disease, and not of violence. These explanations are sufficient to enable us to consider intelligently some of the rulings of the court.

1. The defendant was allowed to prove by two of its witnesses, against objections, certain declarations said to have been made by the plaintiff to the effect that, with the money she expected to get from the city by reason of such injury, she was going to finish and furnish their house, get silk dresses, and dress better than they had before, get a piano and a horse and carriage, and give the friends who went for her in this suit a ride, and those who did not she would give no ride. This testimony was referred to in the charge as of particular significance, and exception thereto was taken by the plaintiff. We must hold this class of testi-

Smalley vs. The City of Appleton.

mony to have been immaterial and irrelevant to any of the issues on trial, and presumably prejudicial to the plaintiff.

2. The court excluded the testimony of a witness well acquainted with the plaintiff, and who had often seen her before the accident and during the summer of 1884, as to her being healthy or otherwise during that time, on the ground that it called for the opinion of a witness who was not an expert. Her physical condition — whether she appeared to be in good or bad health, sick or well, suffering from disease or enjoying health — may have involved to some extent the opinion of the witness, but it was nevertheless a fact requiring no especial skill to determine, and to which any intelligent witness might testify. This seems to be well settled by the authorities. Lawson, Exp. Ev. 470–473, and cases there cited.

3. Exception is taken because the court, in effect, charged the jury that if the plaintiff " was injured on the street . . . by her getting pressed in a crowd of people, or by horses or carriages running against her, or in any other way except by stepping into a hole, or on a board covering such hole that broke under her, letting her into the hole and causing her injury, such an accident or injury would not " authorize a recovery in this action. The difficulty with at least the larger portion of this extract is the want of any such evidence upon which to base it, and its direct tendency to draw the minds of the jury away from the real issues on trial.

4. In view of the issues on trial, we have some doubts as to the admissibility of some of the hypothetical questions put to medical experts, but, as they will probably be so adjusted as to more accurately fit the case on the next trial, we deem it unnecessary to consider them further.

5. The third question submitted to the jury was well calculated to mislead them, and should therefore be modified.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.