Tebo vs. The City of Augusta.

Tebo, Respondent, vs. The City of Augusta, Appellant.

*May 15 — June 20, 1895.*

(1–3) *Evidence: Physicians and surgeons: Hypothetical questions: What facts may be assumed: Improper answer.* (4) *Appeal: Exceptions to charge: Sufficiency.*

1. In an action for personal injuries the evidence that plaintiff was strong and healthy at the time of the accident is *held* to be sufficient to justify the assumption of that fact in a hypothetical question as to what was the difficulty with which she was afflicted.
2. A physician, who had testified to an examination of the plaintiff after the accident, was asked to assume, in addition to the facts stated in such hypothetical question, what he knew from his personal examination, as testified to by him. *Held,* that the question was still an abstract one upon an assumed state of facts, and did not call for the opinion of the witness as to the cause of the plaintiff's condition.
3. A witness, who had testified that plaintiff's knee was much swollen after the accident, was asked, "Do you know of any complaint, or of the fact, of any peculiar feeling in the limb?" An objection to the question as incompetent was overruled, and the witness answered, "At times she feels very much numbed, she has said,— not much feeling in it." *Held,* that as the question was fairly capable of a construction which would call for a proper answer, its allowance without expressly limiting its scope would not work a reversal, especially as there was no motion to so limit it or to strike out the improper answer.
4. A general exception to the entire charge on the subject of damages is insufficient to bring up for review any specific error, where the elements of damage are stated separately, although in the same sentence, and some of them are proper.

Appeal from a judgment of the circuit court for Eau Claire county: E. B. Bundy, Judge. *Affirmed.*

For the appellant there were briefs by *Quarles, Spence & Quarles,* and oral argument by *T. W. Spence.*

For the respondent there was a brief by *H. H. Hayden* and *T. F. Frawley,* and oral argument by *Mr. Hayden.*

Tebo vs. The City of Augusta.

Winslow, J.   The plaintiff, who was a woman fifty-seven years of age, while walking upon a street in the defendant city on the 25th day of November, 1888, tripped and fell by reason of a defective sidewalk, and was seriously injured. Upon the trial a verdict of $2,000 was rendered in her favor, and from judgment thereon the defendant appealed.   It is virtually conceded by the appellant that the evidence established a good cause of action against the city, and the only questions urged are questions arising upon rulings or instructions, and these will be briefly considered.

1. The following hypothetical question was put to several physicians who were examined as experts, viz.: "Assuming that a strong, able-bodied woman, about fifty-seven years of age, strong and healthy and active, should, while walking along the sidewalk, be tripped up, falling with great force upon her arms so as to break the radius of right arm and bruise and injure her hip and side, and should thereafter, for the first time in life, experience a dragging pain about the back and loins, and a sense of fatigue from walking; unable to lift weights; unable to rise, without great difficulty, after being seated in a squatting position; should experience a nausea of the stomach, pain through the hips and in the back, and also dizziness or headache,— what would you say was the difficulty with which she was afflicted?"   This question was objected to, but was allowed to be answered; and it is argued that there is no evidence in the case tending to show that the plaintiff was strong, healthy, and active at the time of the accident, but, on the contrary, that the evidence shows that she was far from well or strong.   It is true that it appears that the plaintiff had received an injury by a fall in her own house some weeks before the fall upon the sidewalk, and there is also evidence tending quite strongly to show that she had not fully recovered from the first fall at the time of the accident complained of.   There is, however, evidence that she had fully recovered and was in a good state of

health.   She testifies directly that she had fully recovered; that she was, in all respects, considered a healthy woman; and that she had been unusually well previous to the time of the accident.   We think there was sufficient evidence in the case on which to base the assumption that she was strong and healthy.

2. One of the physicians who was examined as an expert testified to having made an examination of the pelvis and womb of the plaintiff after the accident, the results of which he stated to the jury.   Afterwards the hypothetical question above stated was put to him, and he was asked to assume, in addition to the facts stated in the hypothetical question, also what he knew from his personal examination, as testified to by him before the jury.   Against objection, he answered that he should expect that the accident was the cause of the injury.   It is argued that this question, so framed, was really submitting to the expert the question of the cause of the plaintiff's injury, and thus was an invasion of the province of the jury, within the rule stated in *Noonan v. State*, 55 Wis. 258.   We cannot agree with this contention.   We think the question, notwithstanding the addition, was still an abstract question upon an assumed state of facts, and did not call for the opinion of the witness as to the cause of the plaintiff's condition.

3. The plaintiff's daughter was called as a witness, and gave testimony as to her mother's knee being very much swollen after the accident, and was then asked, "Do you know of any complaint, or of the fact, of any peculiar feeling in the limb?"   This question was objected to as incompetent, but the objection was overruled, and she answered that "at times she feels very much numbed, she has said,— not much feeling in it."   No motion was made to strike out the answer, but the allowance of the question is alleged as error.   Doubtless, the answer was incompetent, because it stated complaints made by the plaintiff as to her feel-

ings, which were not part of the *res gestæ*. *Stewart v. Everts*,
76 Wis. 35. Doubtless, also, it would have been stricken
out on motion. The question was unfortunate in its terms,
but, when construed literally, it does not call for any such
statement, but simply for an affirmative or negative answer.
Nor does it necessarily call for information obtained from
the patient. There might well be physical appearances in
the limb which would give even a nonexpert clear informa-
tion that there was a serious physical difficulty or complaint
there, and such knowledge it would be entirely competent
for the witness to state. Probably, had the defendant's
counsel called attention to the peculiar form of the question,
the court would have at once limited the question to such
knowledge, and properly cautioned the witness as to her
answer. It is certainly true that the question was liable to
mislead the witness, and to bring forth the statement of
subjective symptoms, as it did; but the question being, as
we think, fairly capable of a construction which would call
for a proper answer, we do not feel obliged to reverse a
meritorious case merely because it was not expressly limited
in its scope, especially when opposing counsel made no mo-
tion to so limit it and did not move to strike out the im-
proper answer.

4. The court charged the jury on the subject of damages
as follows: "If you find for the plaintiff, it will be your
duty to assess her damages. These should be sufficient to
compensate her reasonably for the bodily and mental pain
that she has suffered, for her loss of time by reason of, or as
a result of, the accident; and if you find that she is perma-
nently injured as such result, you should take that into con-
sideration and allow her such sum as will compensate her
for the pain and inconvenience which the evidence shows
you she must endure in the future." To this entire charge
a general exception was taken, and it is now claimed that
so much of the instruction as instructs the jury that the

plaintiff may recover for her loss of time and for the inconvenience which she may suffer is erroneous. The exception is unavailing to bring these questions before us. The elements of damage are separately stated, although in the same sentence. Some of them, as for instance the compensation for her bodily and mental pain, are manifestly proper. It would have been very easy to except to that specific part of the instruction which allows the jury to compensate plaintiff for loss of time, but this was not done. Under well-known rules, the exception is too broad to be of any avail.

*By the Court.*— Judgment affirmed.