MAXCY, Respondent, vs. PEAVEY PUBLISHING COMPANY, Garnishee, Appellant.

*September 14—October 10, 1922.*

*Garnishment: Burden of proof: Trial: Objection to evidence: Definiteness: Before court or jury: Evidence taken in another action: When admissible: Fraudulent conveyances.*

1. In an action of garnishment the burden is on the plaintiff to establish by a preponderance of the evidence the essential facts entitling him to recover.
2. The rule requiring that an objection to the admissibility of evidence on a trial before a jury be specific so as to direct attention to the particular point of objection does not apply with the same strictness on a trial before the court.
3. Evidence given in other cases at other times is not admissible in a case on trial unless it is shown that the witness cannot be produced, and then only where the parties are identical and the issues are the same.
4. In the garnishment action the plaintiff offered and the court received in evidence portions of a deposition of the defendant taken in an action brought by one H. against him and another, and also part of the testimony of the defendant given in an action brought by one M. An objection to the offer of the evidence in the H. case that "the deposition was not taken in this action" was sufficient to apprise the court of its inadmissibility, and the testimony should have been considered only to the extent that it impeached the witness or constituted an admission.
5. Objection to evidence once taken and overruled on a trial before the court need not be repeated when subsequent similar testimony is offered.

6. An agreement by a stockholder of a corporation to cancel claims against the corporation as an inducement to his brother to buy stock in the corporation was valid as against such stockholder's creditors unless collusion in fraud of them was shown.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Modified and reversed.*

An action of garnishment by the plaintiff against H. H. Peavey, defendant, and the *Peavey Publishing Company,* garnishee.    From a judgment of $600 and costs against the *Peavey Publishing Company,* as garnishee, said company appeals.    The action was tried before the circuit judge without a jury.    Garnishee summons was served on the 14th day of December, 1920.    The garnishee answered, admitting indebtedness to the defendant Peavey of $300 and no more, and setting forth that the said indebtedness was for service, and that the same was exempt from execution to the amount of $180 by reason of the fact that the said Peavey was a married man with a family depending upon him for support.    The plaintiff traversed this answer, alleging that said garnishee defendant was liable to said Peavey for a greater sum than $300, and had real estate and personal property of said defendant in his possession not disclosed in the answer.    No issue was made by the notice on the question of exemptions.

Under sec. 2763, Stats. 1921, the affidavit of garnishment and the answer thereto constitute the pleadings in the case.    On the trial the plaintiff called the defendant Peavey as an adverse witness.    His testimony and parts of his evidence given in other cases, at other times, was the only evidence introduced.    The defendant Peavey testified as follows:

"*Q.* What salary did you receive from the *Peavey Publishing Company? A.* $100 a month.

"*Q.* And you were receiving that salary in the month of December, 1920—the 14th of December? *A.* Yes.

"*Q.* When is that payable? Is it payable on any certain date? *A.* It is payable $25 a week.

"*Q.* On the 14th day of December, 1920, the date this garnishment was served, how much was due you by the *Publishing Company* for your services at $100 a month? *A.* As near as it can be determined by myself, my brother, and my wife, $300.

"*Q.* That was for services? *A.* Yes, salary."

Being questioned as to the amount of money he had put into the corporation he testified as follows:

"*A.* I put in money at different times from 1916, but nothing very much. That $1,500 or $1,800 in question if you refer closely to the testimony, that refers to money put in by my wife and I and includes money she put in herself in January, 1918. I suppose in the two years previous I probably put in that amount. I don't know positively without looking it up. But on December 8, 1920, when we had our annual meeting, when my brother bought into the concern, everything was wiped out so far as the company owing me, by agreement between us, but the three months wages was due. . . .

"*A.* There was no written statement made, but that was the terms of the arrangement by which my brother bought in at the time."

There was further testimony on this subject to show that the cancellation of the indebtedness of the corporation to Peavey had not been entered in the books "because the books have not been kept as they were before."

The plaintiff offered in evidence portions of a deposition of H. H. Peavey, taken in an action between R. A. Hering v. H. H. Peavey and Ella S. Peavey, to which the defendant objected as follows:

"Objected to as not the best evidence. The reporter's minutes should be offered. It is not a deposition in this action. It was taken in another action."

"By the Court: I don't understand the objection. What are you trying to get at?

"Mr. Fisher: It is not proper unless supported by the reporter's minutes. The deposition was not taken in this action. The reporter's minutes are the authentic evidence of what was said at that time."

Thereupon the offer was admitted, and the court in its opinion quotes at length from this testimony in support of its findings of fact.

Again, the plaintiff offered in evidence a portion of the testimony of the defendant Peavey given in another action wherein *J. S. Maxcy* was plaintiff against H. H. Peavey and the *Peavey Publishing Company,* intervenor. This offer of testimony does not appear to have been objected to, nor does the transcript of the testimony show that it was received. However, the court quotes the testimony at length in its opinion, in support of its findings of fact. In this testimony, so offered and quoted by the court in its opinion, appears a statement by Mr. Peavey given on September 9, 1921, as follows:

"*A.* I would say it [*Peavey Publishing Company*] owes me, offhand, about $700 or $800.

"*Q.* Has it stood that way since you testified before? *A.* No, I think it was then about $600.

"*Q.* Has it been as much as $600 since last fall? *A.* Yes.

"*Q.* You are sure they owed you $600 or $700 since last fall? *A.* Yes."

This testimony seems to be relied upon as the basis for the finding of the court of the amount due Peavey from the *Publishing Company* on December 14, 1920. However, Mr. Peavey testified, on being questioned by his attorney, as follows:

"*Q.* In September, 1921, you testified that ever since last fall the company had owed you $600 or $700. What have you to say with reference to that? *A.* What I had in mind there,—we were garnished in December, 1920, shortly after the annual meeting, and there was due me $300 for wages

and there was an accumulation of wages during the summer, making about $600 which the company owed me at the time I was testifying, and the $300 was due at the time of the garnishee and the balance during the past year. . . . *A.* $600 was an accumulation to date; $300 was since last fall. . . .

"*Q.* Have you any further or other explanation to make as to the answer you made to this question, that the $600 indebtedness continued since last fall? *A.* The only explanation I can make,—perhaps I should not have answered these questions offhand without referring to my books, but offhand I did answer them, and I believe I answered them as nearly exactly as I could answer them today under existing conditions. I should probably have said part existed last fall and part has accumulated since, but that has been the existing condition."

It appears without question that Mr. Peavey is a married man, with a family depending upon him for support, and that he made claim for an exemption of $180 of the $300 disclosed because the amount due was for wages within the preceding three months.

On the date of the garnishment and since December 8, 1920, the defendant Peavey owned but one share of stock in the *Peavey Publishing Company,* practically all the balance of the stock of eighty-nine shares being owned by his wife and his brother.

*John J. Fisher* of Bayfield, for the appellant.

*A. W. MacLeod* of Washburn, for the respondent.

CROWNHART, J. The evidence and findings in this case are very unsatisfactory. This is recognized in the opinion of the judge wherein he says: "It is pretty hard to draw any conclusion with any degree of certainty from the testimony as to how much the company owed Peavey at the time of the service of the summons."

The onus was on the plaintiff to establish the essential facts entitling him to recovery by a preponderance of the evidence.

The only evidence in the case is that of the defendant Peavey, given on the trial, and certain testimony theretofore given by him in other cases involving different issues and different parties. The only way the latter testimony may be considered is on the theory that it came in without proper objection. On the trial of jury cases it is necessary for the protection of the court and to prevent mistrials that objections to admissibility of evidence be specific so as to direct the attention of the court to the particular point of objection to the evidence offered. The necessity of the rule is not so great in cases tried before the court, where the court has time for reflection and investigation. Hence the rule will not be applied in such cases with the same strictness as in jury trials. It is a universal rule that evidence given in other cases at other times is not admissible in a case on trial unless it is shown that the witness cannot be produced, and then only where the parties are identical and the issues are the same. 22 Corp. Jur. 427–437.

Based on this rule, the evidence of Peavey given in other cases was not admissible except for the purpose of impeachment when proper foundation was laid, or as admissions binding on him but which could not have any probative force as to other parties. It is claimed that the improper evidence was not objected to on proper grounds. Our examination of the record leads us to the conclusion that one objection made to the introduction of the evidence of Peavey in the Hering case, that "the deposition was not taken in this action," was sufficient to apprise the court of the fact that the evidence was inadmissible. This objection, having been once taken and overruled, did not have to be repeated when subsequent testimony was offered, open to the same objection in a trial before the court. *Sharon v. Sharon,* 79 Cal. 633, 22 Pac. 26, 131; *Thomas v. Carey,* 26 Colo. 485, 58 Pac. 1093; *Gilpin v. Gilpin,* 12 Colo. 504, 21 Pac. 612; *Metropolitan Nat. Bank v. Commercial State Bank,* 104 Iowa, 682, 74 N. W. 26; *Carlson v. Winterson,*

147 N. Y. 652, 42 N. E. 347; *Sherman v. D., L. & W. R. Co.* 106 N. Y. 542, 13 N. E. 616; *Hoffman v. Conner,* 76 N. Y. 121; *Dilleber v. Home L. Ins. Co.* 69 N. Y. 256, 25 Am. Rep. 182; *Salt Lake City v. Smith,* 104 Fed. 457, 43 C. C. A. 637; *Louisville & N. R. Co. v. Gower,* 85 Tenn. 465, 3 S. W. 824. The testimony should have been considered only to the extent that it impeached the witness or constituted an admission against him.

We have examined the evidence with care and cannot find support for the findings of the court that the *Peavey Publishing Company* owed Peavey any greater sum than disclosed by the answer. Nor can we find any support in the evidence that Peavey was not entitled to the exemption of $180.

The testimony of Peavey that at the annual meeting of the stockholders of the garnishee on December 8, 1920, six days before service of summons herein, he canceled any claims he had against the company as an inducement to his brother to buy stock in the corporation, and that the brother bought in on that basis, seems to stand uncontradicted. Such an agreement would be valid and binding unless collusion in fraud of creditors was shown. There is no suggestion in the pleadings, evidence, or findings of collusion or fraud. The court disposes of this phase of the case by a bare reference to it in his opinion, but with no reference to it in his findings of fact.

Upon the whole case it appears that the judgment is not based upon sufficient evidence to sustain any liability beyond the sum disclosed, and it appears without controversy that the exemption should have been allowed. Sec. 2405*m*, Stats.

*By the Court.*—The judgment is reversed, with direction to the trial court to modify the judgment in accordance with this opinion.

ROSENBERRY and ESCHWEILER, JJ., dissent.