FELDSTEIN, Appellant, vs. HARRINGTON and another, Respondents.

*May 6—June 3, 1958.*

For the appellant there was a brief by *Reino A. Perala* of Superior, and *Friedman & Friedman* of Duluth, Minnesota, and oral argument by *Newton S. Friedman.*

For the respondents there was a brief by *Hughes, Anderson & Davis* of Superior, and oral argument by *John L. Davis.*

CURRIE, J. Inasmuch as we have reached the conclusion that a new trial is required because of erroneous rulings on admissibility of evidence, we find it unnecessary to discuss plaintiff's contentions with respect to the inadequacy of the damages awarded. Most of plaintiff's injuries were subjective in character and their establishment therefore largely

depended upon plaintiff's credibility as a witness. Such testimony was sufficiently improbable as to warrant the jury in disbelieving the same. We would not disturb the jury's finding as to damages if that were the sole issue before us on this appeal.

The ruling of the trial court most strenuously attacked by counsel for the plaintiff is that of admitting into evidence portions of the depositions of Doctors Eisenberg and Fox. These depositions were taken at the instance of the plaintiff in another action instituted against different defendants than those in this action, to recover damages for injuries received in another automobile accident which had occurred in 1950. This other action was settled without trial but the depositions were on file in the office of the clerk of court as part of the record in such prior action. In the instant action the plaintiff, in an adverse examination had of him before trial, had minimized the injuries received by him in such 1950 accident. The defendants offered portions of the depositions of these two doctors for the purpose of impeaching this testimony of the plaintiff, and the trial court admitted the same over objection for such purpose.

We have two statutes that may have pertinence to the question under consideration. These are secs. 325.31 [1] and 326.17.[2] We are unable to ascertain from the record before

---

[1] "325.31. The testimony of a deceased witness, or a witness absent from the state, taken in any action or proceeding (except in a default action or proceeding where service of process was obtained by publication), shall be admissible in evidence in any retrial, or in any other action or proceeding where the party against whom it is offered shall have had an opportunity to cross-examine said witness, and where the issue upon which it is offered is substantially the same as the one upon which it was taken."

[2] "326.17. When a deposition shall have been lawfully taken in any action it may be used in any trial, inquiry, or assessment therein, and it may also be used in any other action between the same parties, including their respective legal representatives, involving the same controversy, if it shall have been duly filed in

us whether at the time of trial either of the two deponents was deceased or absent from the state. While sec. 326.17 specifies both identity of parties, or their legal representatives, as well as identity of issue, as a condition for admitting depositions taken in a different action, sec. 325.31 only requires identity of issue. The parties to the instant action are different than those in the prior action in which the depositions were taken. However, we are constrained to hold that sec. 326.17 is not exhaustive of the conditions under which a deposition taken in one action may be used in another action in a situation in which sec. 325.31 is inapplicable.

5 Wigmore, Evidence (3d ed.), p. 181, sec. 1411, states that the power to take depositions rests entirely upon statute because such power did not exist at common law, but that the conditions under which they may be used depend upon the general rules of evidence. Even when there are statutes which enumerate the conditions under which depositions may be used, Wigmore holds that these should not be deemed to be exclusive. On this point we quote from such author as follows (Ibid.):

"It would therefore be an error to treat the statutory enumerations as exhaustive; they can seldom be construed as other than declaratory of rules already recognized."

4 Jones, Commentaries on Evidence (2d ed.), p. 3751, sec. 2025, states:

"The use of depositions is not necessarily limited to the action in which they are taken. At common law it is generally deemed sufficient for the admissibility of depositions taken in one suit and offered in another that the matters in issue are the same in both cases and that the party against whom the deposition was offered had full power to cross-examine the witness. Complete mutuality or identity of all of the parties is not required."

the first-mentioned action and have since remained in the custody of the clerk of the court where the same was pending, subject to the same objections as if originally taken for such other action."

In the recent case of *Rivera v. American Export Lines* (D. C. N. Y. 1952), 13 F. R. D. 27, a seaman brought an action against two steamship companies to recover for personal injuries sustained in a collision between two ships. The question arose as to right of the plaintiff and one of the defendants to make use of depositions taken in a separate admiralty action instituted by one defendant against the other to which the plaintiff was not a party. The defendant against whom it was sought to use such depositions objected on the ground that there was no identity of parties. The issue of liability for the collision was identical in both actions and the objecting defendant had been notified of the taking of the depositions and afforded an opportunity to cross-examine the witnesses. The court pointed out that there are two theories on the use of depositions in an action other than the one in which the depositions were taken. One, the "so-called liberal theory," holds that if there is identity of issue it is unnecessary to also require identity of parties, while the other requires identity of both. The court adopted the liberal theory and held the depositions admissible. Sub. (d) of Rule 26, Federal Rules, Civil Procedure, 28 USCA, p. 169, permits the use of a deposition "as far as admissible under the rules of evidence."

Another federal case which has applied this liberal rule of admissibility of depositions where there is not identity of parties is *Insul-Wool Insulation Corp. v. Home Insulation* (10th Cir. 1949), 176 Fed. (2d) 502. For a commentary on *Rivera v. American Export Lines, supra,* see 5 Stanford Law Review, 535.

Wigmore strongly favors the liberal theory that identity of parties is unnecessary where there is identity of issue. We quote this author's reasoning for such view as follows:[3]

[3] 5 Wigmore, Evidence (3d ed.), p. 95, sec. 1388.

"Thus, the requirement of identity of parties is after all only an incident or corollary of the requirement as to identity of issue.

"It ought, then, to be sufficient to inquire *whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has;* and the determination of this ought to be left entirely to the trial judge."

The depositions of Doctors Fox and Eisenberg in the former action were taken at the instance of the plaintiff. Therefore, he did not enjoy the privilege of cross-examination of such witnesses but rather that of direct examination. However, this court in *Roberts v. Gerber* (1925), 187 Wis. 282, 290, 202 N. W. 701, held that direct examination is the equivalent of cross-examination for the purpose of admitting depositions taken in a prior action under sec. 325.31, Stats.

In *Maxcy v. Peavey Publishing Co.* (1922), 178 Wis. 401, 406, 190 N. W. 84, it was stated that depositions in former actions were only admissible "where the parties are identical and the issues are the same." As authority for such holding, 22 C. J., Evidence, pp. 427–437, secs. 510–526, was cited. Thus the court granted such holding on principles of common law rather than a determination that sec. 326.17, then sec. 4093, is exhaustive of the conditions under which such depositions are admissible. We are convinced that the liberal rule applied in cases such as *Rivera v. American Export Lines, supra,* and *Insul-Wool Insulation Corp. v. Home Insulation, supra,* is the sounder rule, and, that if there is an identity of issue it is not necessary to have identity of parties. Because the question of the admissibility of these depositions may again arise on the retrial of this case, we adopt such liberal rule.

However, even under such liberal rule it constituted error to admit portions of the depositions of Doctors Fox and

Eisenberg in evidence under the circumstances of this case. This is because no showing was made by the defendants as to the unavailability of such two doctors to testify in the instant action. Where depositions taken in a prior action are offered in a subsequent action as substantive testimony, such unavailability must be established as a condition to admitting the same, or any part thereof. 5 Wigmore, Evidence (3d ed.), p. 108, sec. 1389 (3) (*a*), and p. 196, sec. 1416 (3); and sec. 326.13, Stats.

Although the stated purpose in offering the extracts from these two depositions was in order to impeach testimony of the plaintiff, these extracts did not qualify as impeaching evidence. The actual use made of the depositions was to tend to show that certain facts testified to by plaintiff were untrue. The version of such disputed facts testified to by these two physicians, as was set forth in their depositions, thus constituted substantive evidence. We consider the erroneous admission of portions of these depositions, without first establishing the unavailability of the witnesses, to have been prejudicial to the plaintiff in that it may well have had a material bearing on the jury's determination of the amount of plaintiff's damages.

The second ruling on evidence attacked by the plaintiff was the refusal of the trial court to permit the plaintiff to testify that he had been examined at the request of the defendants by Dr. Houkom of the Duluth Clinic. The defendants did not call Dr. Houkom as a witness. The trial court also refused to permit plaintiff's counsel, in his argument to the jury, to comment upon such failure of the defendants to call this doctor as a witness.

The general rule is that the failure of a party to call a material witness within his control, or whom it would be more natural for such party to call than the opposing party, raises an inference against such party. 2 Conrad, Modern Trial Evidence, p. 169, sec. 960, and 2 Wigmore, Evidence

(3d ed.), p. 162 *et seq.,* secs. 285, 286. This rule was recognized in *Booth v. Frankenstein* (1932), 209 Wis. 362, 370, 245 N. W. 191, but there held not to be applicable. This was because the two persons not called as witnesses in that case were equally available to both parties and there was no more reason why one side should have failed to call them than the other. Such is not the situation where a defendant in a personal-injury action has the plaintiff examined by the defendant's physician. Under such circumstances it would be more natural for the defendant to produce such doctor as a witness, if the facts known to the defendant were favorable to the latter.

While there is some division of authority as to whether this general rule is applicable to a situation in which a physician is not called to testify, who has examined one party at the request of the other, the majority of decisions hold that it is. Anno. 5 A. L. R. (2d) 893, 925, sec. 13. Cases holding that failure to call such physician by the party who employed him gives rise to an inference that his testimony would be unfavorable to such party are: *Gluckstein v. Lipsett* (1949), 93 Cal. App. (2d) 391, 209 Pac. (2d) 98; *General Motors Corp. v. Craig* (1954), 91 Ga. App. 239, 85 S. E. (2d) 441; *Equitable Life Assur. Society v. Reynolds* (1935), 259 Ky. 504, 82 S. W. (2d) 509; *Parnell v. Monroe* (La. App. 1957), 98 So. (2d) 820; *Stacy v. Goff* (1954), 241 Minn. 301, 62 N. W. (2d) 920; *Agresta v. Western Electric Co.* (1949), 1 N. J. Super. 177, 63 Atl. (2d) 290; and *White v. Seier* (1953), 37 Tenn. App. 437, 264 S. W. (2d) 241.

The logic of the majority rule commends itself to this court and we adopt the same. It was, therefore, error for the trial court not to have permitted the plaintiff to testify that he had been examined by Dr. Houkom at the defendants' request. After the introduction of this testimony the defendants, of course, would have the right to present any explanation they had as to why this physician had not been called by

them to testify. It also would have been proper for plaintiff's counsel to comment in the argument to the jury on such failure of the defendants to have called Dr. Houkom, if the fact had previously been established in evidence that such doctor had examined the plaintiff at the defendants' request.

Counsel for plaintiff further contend that it was error for the trial court to have sustained defendants' objections to testimony by lay witnesses as to plaintiff's apparent health before and after the accident of July 2, 1956. While objections to such type of testimony were sustained some testimony was admitted on the part of lay witnesses as to observations of plaintiff's apparent health. Because of this we do not consider any of the rulings of the trial court in this respect to have been prejudicial. The correct rule is stated in *Keller v. Gilman* (1896), 93 Wis. 9, 11, 66 N. W. 800, as follows:

"All persons may testify as to facts within their observation as to the physical condition of another with whom they have consorted; for example, whether such person appeared to be in good or bad health, sick or well, suffering from pain or disease or enjoying health."

See also *Stanislawski v. Metropolitan Life Ins. Co.* (1939), 231 Wis. 572, 575, 576, 286 N. W. 10; 2 Jones, Evidence, Civil Cases (4th ed.), p. 671, sec. 360a; 2 Wigmore, Evidence (3d ed.), p. 660, sec. 568; and 20 Am. Jur., Evidence, p. 719, sec. 859.

One Dr. George M. Cowan was called by the plaintiff as an expert witness. He is a specialist in the fields of neurology and psychiatry who had examined the plaintiff some three weeks after the accident, and again shortly before trial. Dr. Cowan testified as to his findings and was then asked two hypothetical questions. The first was answered without objection, but the following objection was made to the second question, "I don't believe this doctor, having seen this patient and having been able to obtain his own history, should be

permitted to testify from a hypothetical question." The trial court sustained such objection. The sustaining of the objection on the ground that a physician, who has examined the patient and obtained his own history, may not be asked a hypothetical question by the party calling him was error. *Tebo v. Augusta* (1895), 90 Wis. 405, 407, 63 N. W. 1045; *Selleck v. Janesville* (1898), 100 Wis. 157, 163, 75 N. W. 975; and *Davey v. Janesville* (1901), 111 Wis. 628, 633, 87 N. W. 813. The author of the annotation entitled, "Hypothetical questions in case of expert witness who has personal knowledge or observation of facts," 82 A. L. R. 1338, 1339, states the applicable rule to be as follows:

"An expert, however, is not precluded from giving his opinion in answer to hypothetical questions, because he has personal knowledge of the case and might testify directly, but he may also give his opinion based on hypothetical facts, or upon such facts and facts within his knowledge."

A reading of Dr. Cowan's testimony, however, convinces us that such ruling was not prejudicial because he did give an expert opinion as to plaintiff's condition and disability.

Plaintiff's counsel also complain because the trial court refused to permit the plaintiff's host-driver Gordon to testify as to the injuries Gordon sustained as a result of the impact of the collision. The evidence on the part of the defendants tended to establish that the force of such impact was very slight. It was on the issue of the character of the impact that Gordon was being examined by plaintiff's counsel when this objection was sustained. In the colloquy between counsel at this point in the record, counsel for the defendants stated that Gordon had the right to testify as to what happened to him in the accident but not as to his injuries. As we understand the trial court's ruling, this was the view accepted by the court. We deem such ruling to have been within the discretion permitted a trial court to prevent unnecessary side issues

being litigated. The evidence as to the nature of plaintiff's injuries was rather exhaustive, and we can appreciate that the trial court was fearful as to the length the subject of Gordon's injuries would be gone into once the door was opened for such testimony.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on the issue of damages only.