157 Wis.2d 717 (1990)
460 N.W.2d 436
IN the MATTER OF the ESTATE OF Gerald L. BERTH: Jayne A. HOBERG and Al Lange, Appellants,
v.
Marleen BERTH and the Estate of Gerald L. Berth, Respondents.
No. 90-0363.
Court of Appeals of Wisconsin.
Oral argument August 2, 1990.
Decided August 14, 1990.
*718 On behalf of appellant, Jayne A. Hoberg, the cause was submitted on the brief of and orally argued by Eugene L. Kaluzny of Milwaukee.
On behalf of appellant, Al Lange, the cause was submitted on the briefs of and orally argued by John H. Schiek of O'Melia, Schiek & McEldowney, S.C. of Rhinelander.
On behalf of respondents, the cause was submitted on the brief of and orally argued by Kirk Reese of Eckert Law Office of Rhinelander.
Before Cane, P.J., LaRocque and Myse, JJ.
LaROCQUE, J.
Jayne Hoberg and Al Lange, subpoenaed to give depositions in the special administration of the Estate of Gerald L. Berth, appeal an order denying their motions to quash the subpoenas. This court granted leave to appeal. Hoberg asserts that the circuit court is not vested with any special authority under the probate statutes in ch. 867, Stats., to exceed the limits placed on taking a deposition set forth in ch. 804, Stats. We agree and therefore reverse and remand for entry of an order quashing the subpoenas. Because our decision disposes of the appeal, we do not address the questions concerning whether the procedure approved by the circuit *719 court violates constitutional due process, whether Lange and Hoberg have standing to challenge the order for a special administrator or the extent to which a person may use sec. 804.02, dealing with preservation of testimony, to depose potential witnesses without the necessity of commencing an action.
The petition for special administration, signed by Marleen Berth (identified as the widow of Gerald Berth in Hoberg's trial brief) alleges that Gerald died at age thirty-eight on August 5, 1989, domiciled in Rhinelander, Wisconsin, and states as a reason for the petition only that:
Petitioner believes that causes of action may exist which could be beneficial to the decedent's estate. Petitioner wishes the Special Administrator would explore the possible causes of action including worker's compensation action, and claims against those which precipitated the decedent's death and to determine whether or not the causes of action are viable.
Thereafter, subpoenas were issued directing Lange and Hoberg to appear for depositions. Their motion to quash the subpoenas was denied. The circuit court decided that ch. 867, Stats., provides the court with power to order depositions prior to the commencement of an action.
[1]
Chapter 801, Stats., created by Supreme Court Order, 67 Wis. 2d 587 (1975), indicates that chs. 801 to 847, Stats., govern procedure and practice in circuit courts in all civil actions and special proceedings except where different procedure is prescribed by statute or rule. Section 801.01(2), Stats.[1] The special administration *720 of an estate is a special proceeding. In re Goldstein, 91 Wis. 2d 803, 810, 284 N.W.2d 88, 92 (1979). Thus, unless a different procedure is prescribed by ch. 867, Stats., governing special administration, sec. 804.05(1) is applicable:

After commencement of the action, any party may take the testimony of any person including a party by deposition upon oral examination. (Emphasis supplied.)
The estate points to sec. 867.17, Stats., as the statute prescribing a different procedure for depositions taken on behalf of a special administrator:
A special administrator who is appointed without notice of hearing shall have only those powers and duties that are specifically granted to him by order of the court. The court may, following a hearing on notice to or waiver of notice by all interested parties, grant the special administrator by general order the same powers, duties and liabilities as a personal representative, except as expressly limited by the order of the court. By order the court may expressly grant him powers and impose duties in addition to those granted by statute to personal representatives as may be necessary to accomplish the purpose for which he is appointed. (Emphasis supplied.)
Section 867.07 sets forth the purposes for appointment of a special administrator:
[T]he court may appoint a special administrator if it appears that:

*721 . . . .
(6) A cause of action exists for or against the decedent or his estate and that it is necessary that some act be performed before letters can be issued to a personal representative.
(7) Other circumstances exist which in the discretion of the court require the appointment of a special administrator.
[2]
We conclude that this statute does not prescribe a different procedure for taking depositions from that set forth in ch. 804. The circuit court reasoned, and the estate argues on appeal, that although the civil procedure code requires the commencement of an action, the probate code contemplates pre-litigation discovery. The rationale for this procedure is the recognition that the death of a person involved in a dispute often leaves the deceased's survivors with no means to resurrect the facts except through the discovery method invoked here. Whatever the advantages or drawbacks of such pre-litigation discovery, we reject it as contrary to the statutes. Nothing in the language of sec. 867.07 and 867.17, Stats., suggests a legislative intent to prescribe a different procedure from the carefully designed scheme for discovery set forth in the civil procedure code.
[3-5]
Whether a statute is ambiguous is a question of law. Hemerley v. American Family Mut. Ins. Co., 127 Wis. 2d 304, 307, 379 N.W.2d 860, 862 (Ct. App. 1985). Insofar as discovery is concerned, neither sec. 867.07 nor 867.17, Stats., creates an ambiguity. Section 867.07 authorizes the appointment of a special administrator if it appears that a cause of action exists. Section 867.17 authorizes the court to grant the special administrator the powers necessary to accomplish the purpose for which he is *722 appointed. The purpose of the administrator is the enforcement of an existing claim; the plain language of the probate code so declares. The language of the statute itself is conclusive as to legislative intent absent a clearly expressed legislative purpose to the contrary. Leonard v. Warden, 631 F. Supp 1403, 1407, (1986), aff'd, 819 F.2d 1143 (E.D. Wis. 1987). The power to take depositions rests entirely upon statute because this power did not exist at common-law. Feldstein v. Harrington, 4 Wis. 2d 380, 385, 90 N.W.2d 566, 569 (1958).
On the implicit premise that ch. 867, Stats., was ambiguous on this issue and as evidence of the legislature's intent, the circuit court characterized the former civil practice as authorizing pre-litigation discovery as a matter of course. This is not accurate. Prior to the present civil procedure code, a civil action was commenced by service of only a summons. (Former sec. 262.02, Stats. (1975).) After serving a summons, and thereby commencing an action, if a plaintiff sought discovery to enable him to frame a complaint, a scope affidavit was required setting forth the nature and object of the action and the subjects upon which information was desired. (Former sec. 887.12(6), Stats (1975).) Thus, even a resort to legislative history, a process we determine is unnecessary here, does not support the estate's position.
The requirements of sec. 804.05(1), Stats., control deposition discovery. Its provisions are taken directly from the federal rules of civil procedure. Graczyk, 59 Marq. L. Rev., The New Wisconsin Rules of Civil Procedure Chapter 804, 463, 492 (1976). Other jurisdictions generally follow the same requirement that allows for depositions "after commencement of the action." See 23 Am. Jur. 2d Depositions and Discovery sec. 131 at 459 (1983).
*723 The estate did not invoke the provisions of sec. 804.02, Stats., which provides for deposition discovery before an action is commenced in order to prevent a failure or delay of justice. Because this limited exception to the general rule was not invoked, we need not decide whether its provisions contemplate depositions solely for the purpose of uncovering evidence to permit a party to establish grounds to commence a cause of action. See, however, 23 Am. Jur. 2d Depositions and Discovery secs. 118 to 129 (1983) for the limits placed on similar statutes in other jurisdictions.
Finally, because the record fails to disclose the reasons, if any, that caused the special administrator to seek discovery, we need not address the question whether she presently has sufficient basis to commence an action and yet avoid the imposition of sanctions for filing a frivolous action.[2]
By the Court.Order reversed and cause remanded with directions.
NOTES
[1] Section 801.01(2) provides: Scope. Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule. (Emphasis supplied.)
[2] The comments by the court in its bench ruling and counsel at oral argument suggest that considerable information surrounding this controversy was not placed on the record.